IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | <u>FINDINGS OF FACT, CONCLUSIONS</u> |
| Plaintiff, | ) | <u>OF LAW AND ORDER</u> |
| | ) | |
| vs. | ) | C/A No. 8:08-2387-HFF |
| | ) | |
| Eve S. Whitaker; Ford Motor | ) | |
| Credit company; South Carolina | ) | |
| Department of Mental Health, | ) | |
| | ) | |
| Defendant(s). | ) | |

      This action is brought by the United States of America to foreclose three real estate mortgages.  Upon consideration of the Complaint of Plaintiff, the Affidavit of Default and Amount Due as to Defendants Eve S. Whitaker and Ford Credit Company and the answer of **SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH**, I make the following Findings of Fact:

      The Lis Pendens herein was filed in the Office of the Clerk of Court for Anderson County, South Carolina on July l7, 2008, and Defendants were duly served with a copy of the Summons and Complaint as shown by the receipts of Summons and Complaint on file with the Clerk of Court.  No answer or other defense has been filed by Defendants  Eve S. Whitaker and Ford Motor Credit Company, and default was entered on **January 14, 2009**, in the Office of the Clerk of Court, and no proceedings have been taken by the said

defendants since entry of default.[1]

On or about September 14, 1979, for value received, Jerry W. Nimmons and Rebecca H. Nimmons made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $33,000.00 with interest from date at the rate of 9 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $262.00 on February 14, 1980, and equal and successive installments in the sum of $262.00 thereafter on the 14th day of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about September 14, 1979, to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Jerry W. Nimmons and Rebecca H. Nimmons executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby they granted,

---

[1] Although the Answer by Defendant South Carolina Department of Mental Health was not filed until January 21, 2009, it was signed and received by Plaintiff in July 2008.

bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Anderson, State of South Carolina.  The mortgage was duly recorded in the Office of the Clerk of Court for Anderson County, South Carolina, on September 17, 1979, in Book 602, Page 424.

On August 27, 1982, Estelle E. Simmons and Victoria S. Mays, executed an Assumption Agreement, whereby they assumed the indebtedness of Jerry W. Nimmons and Rebecca H. Nimmons.

On or about August 27, 1982, for value received, Estelle E. Simmons and Victoria S. Mays made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through Rural Development, United States Department of Agriculture, the principal sum of $5,540.00, with interest from date at the rate of 13 1/2 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as follows:  The first installment being due and payable on September 14, 1982, in the sum of $64.00, and equal and successive installments in the sum of $64.00, thereafter on the 14th day of each month, until the principal and interest are fully paid.

Contemporaneously with the execution of the aforesaid note, on the same date thereof, and in order to secure the payment

of the same, Estelle E. Simmons and Victoria S. Mays made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby they granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Anderson, State of South Carolina.

The mortgage was duly recorded in the Office of the Clerk of Court for Anderson County, South Carolina, on August 27, 1982, in Book 614, Page 1.

On October 23, 1984, James R. Whitaker and Eve S. Whitaker executed an Assumption Agreement, whereby they assumed the indebtedness of Estelle E. Simmons.

On or about October 23, 1984, for value received, James R. Whitaker (now deceased), and Eve S. Whitaker made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through Rural Development, United States Department of Agriculture, the principal sum of $1,340.00, with interest from date at the rate of 11 7/8 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as follows:  The first installment being due and payable on November 23, 1984, in the sum of $14.00, and equal and successive installments in the sum of

$14.00, thereafter on the 23rd day of each month, until the principal and interest are fully paid.

Contemporaneously with the execution of the aforesaid note, on the same date thereof, and in order to secure the payment of the same, James R. Whitaker (now deceased and Eve S. Whitaker made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby they granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Anderson, State of South Carolina, to wit:

> All that certain piece, parcel or lot of land situate, lying and being in Varennes Township, County of Anderson, State of South Carolina, in School District Number Three, being known as Lot Number Seven (7) on plat of record in the Clerk of Court for Anderson County, South Carolina, in Plat Book 37, at page 235, also shown on resurvey made by R. D. Garrison, Surveyor, dated April 5, 1979, of record in the afore said Clerk's Office in Plat Book 85 at page 949, and being more particularly described according to said resurvey as follows: Beginning at an iron pin corner at the intersection of Wesley Court and Mimosa Drive, said corner being the Westernmost corner of lot herein described, and running thence along the Southeastern side of Mimosa Drive North 48 degrees 36' East 200 feet to iron pin corner, thence South 41 degrees 4' East 120 feet to iron pin corner, thence South 48 degrees 36' West 200 feet to iron pin corner on the Northeastern side of Wesley Court, thence along the Northeastern side of Wesley Court North 41 degrees 24' West 120 feet to the beginning corner; being bounded on the Southeast by Lot No. 6 of said plat, on the Southwest by Wesley Court, and on the Northwest by Mimosa Drive.

> Being the identical property conveyed unto Estelle E. Simmons and Victoria S. Mays by deed of Jerry W. Nimmons and Rebecca H. Nimmons of Record in the Office of the Clerk of Court for Anderson County in Deed Book l9-V at Page 564.  Victoria S. Mays conveyed her interest in and to the aforedescribed real estate of Estelle E. Simmons by deed of record in the office of the Clerk of Court for Anderson County, South Carolina in Deed Book l9-Y at Page 567 and Deed Book l9-Y at Page 900.
>
> This is the same property conveyed unto James R. Whitaker and Eve S. Whitaker by Estelle E. Simmons dated October 23, l984, recorded on October 23, l984 in Anderson County in Deed Book 20-T at Page 957.

The aforesaid mortgage was filed for record in the Office of the Clerk of Court for Anderson County, South Carolina, on October 23, l984, in Real Estate Mortgage Book 623, at Page 810.

In said mortgage the makers covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

James Robert Whitaker was divorced from Eve Marie Sears Whitaker on June ll, l997, and Defendant Eve Marie Sears Whitaker was granted possession of the marital resident by Divorce Decree of the Family Court.  James R. Whitaker died on June l, 2002.  There has been no administration on his estate to date filed in Anderson

County, S.C.  The deed into the mortgagors was as joint tenants with right of survivorship, therefore, title would have passed to Eve S. Whitaker at his death.

The aforesaid notes and mortgages are in default and the maker, Eve S. Whitaker, has failed and refused to reinstate the note account to a current status, although due demand has been made upon her to do so.  Plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to Plaintiff herein on the notes and mortgages aforesaid is the sum of $80,753.69, as of January 20, 2006, with a daily interest accrual thereafter at the rate of $8.7812, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

**The following liens do not attach to the property due to the liens having been acquired after the decree of divorce of James Robert Whitaker and Eve Marie Sears Whitaker on June 11, 1997 which awarded the subject to Eve Marie Sears Whitaker.**

(A) The defendant, **FORD MOTOR CREDIT COMPANY,** obtained a judgment on December 11, 2001 against James R. Whitaker in the original amount of $6,015.25; Judgment Roll No. 2001-CP-04-2096.

7

(B) The defendant, **SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH,** obtained a judgment on January 29, 2003 against James Robert Whitaker, deceased, Lienee #8985784, in the original amount of $660.00.  Judgment Roll No. 2003-CP-04-0356.

CONCLUSIONS OF LAW

I conclude that as a matter of law Plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That Defendants, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Anderson County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **NEWS-CHRONICLE**, a newspaper regularly issued and of general circulation in Anderson County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than Plaintiff in this action, to deposit with him

immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  Plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due Plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or his deputies) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

        s/ Henry F. Floyd
        Henry F. Floyd
        UNITED STATES DISTRICT JUDGE

Spartanburg, South Carolina
January 21, 2009

WE CONSENT:

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH


By:s/Mark Binkley
    Mark Binkley, Attorney for the Defendant
    2414 Bull Street, P.O. Box 485
    Columbia, S.C. 29202

USA vs. Eve Whitaker; C/A 08-2387